# EXHIBIT
# A

9/24/2024 4:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92402963
By: Taiasha Bradford
Filed: 9/24/2024 4:47 PM

CAUSE NO._____

| | | |
|---|---|---|
| John Tauriac, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Schlumberger Technology Corporation; | § | |
| Talos Energy, LLC; | § | |
| Helix Energy Solutions Group; and | § | |
| Staffing the Universe, LLC, | § | |
| | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff John Tauriac complains of Schlumberger Technology Corporation; Talos Energy, LLC; Helix Energy Solutions Group; and Staffing the Universe, LLC (collectively "Defendants") and would respectfully show the Court the following:

### I.

### JURISDICTION

1. This personal injury claim is brought under the Jones Act (46 U.S.C. § 30104) and general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause, as Plaintiff qualifies as a Jones Act seaman under 46 U.S.C. § 688. *See also* 28 U.S.C. § 1333.

2. At the time of his injuries, Plaintiff was recruited by Defendant Staffing the Universe, LLC to perform maritime services on the *Q5000* (the "Vessel"), owned by Helix. Throughout the relevant period, Plaintiff contributed to the vessel's function or mission and maintained a substantial connection to the *Q5000*, having spent over thirty percent of his time as a Jones Act Seaman aboard the *Q5000* and/or vessels under Helix's common ownership.

3.    At the time of his injuries, Plaintiff was engaged in sea-based work on the Vessel, serving as a drilling crewmember during a sea voyage. In performing these duties, he was exposed to the perils of the sea on a vessel capable of independent navigation. Plaintiff owed his allegiance to his Jones Act employers. Plaintiff has suffered damages well in excess of the minimum jurisdictional limits of this Honorable Court, and now seeks recovery for those damages. Accordingly, this case is not subject to removal to federal court.

4.    Furthermore, it is well-settled that this Jones Act case is not removable. *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Additionally, removal to federal court is not permissible under the home-state or forum-defendant rule, as one or more of the defendants is a resident of Texas. *See* 28 U.S.C. § 1441.

## II.

### VENUE

5.    Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) and 15.0181(c)(1) because at least one Defendant maintains a principal place of business in this County.

## III.

### DISCOVERY LEVEL

6.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### PARTIES

7.    Plaintiff is a Jones Act Seaman.

Certified Document Number: 116638945 - Page 2 of 11

2

8.      Defendant Schlumberger Technology Corporation ("Schlumberger") is a foreign corporation with its principal place of business in Houston, Texas. This Defendant may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.      Defendant Talos Energy Services, LLC ("Talos") is a Texas limited liability company that maintains its principal place of business in Houston, Texas. This Defendant may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.     Defendant Helix Energy Solutions Group, Inc. ("Helix") is a Texas corporation that maintains its principal place of business in Houston, Texas. This Defendant may be served through its registered agent: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11.     Defendant Staffing the Universe, LLC ("Staffing the Universe") is a foreign limited liability company that does a substantial amount of business in the state of Texas and for Texas based entities. This Defendant may be served with process through its registered agent: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

**V.**

**FACTS**

12.     On or about July 6, 2024, Plaintiff was working as a Jones Act Seaman in the Gulf of Mexico. At the time of the incident, Plaintiff was employed as a well tester on the *Q5000*, an offshore vessel owned and/or operated by Defendant Helix. The *Q5000*, where the incident occurred, was at all times a navigable vessel capable of transportation on water.

3

Plaintiff's Jones Act employer was Defendant Staffing the Universe, and the vessel's operator was Defendant Talos.

13.    At the time of the incident, Plaintiff was assigned to the drill floor and tasked with using a sledgehammer to close valves by swinging it downward. Plaintiff had never received any training on how to properly use a sledgehammer for this task and informed his supervisor that the sledgehammer provided was too heavy for him to handle safely. Despite communicating these concerns, Plaintiff was neither given an alternative method to complete the task nor relieved of the assignment. Instead, Plaintiff was forced to proceed. After swinging the sledgehammer several times, Plaintiff lost control due to its weight, missed the valve, and struck the deck floor, resulting in torn tendons in his right hand and wrist. He was subsequently flown off the vessel for medical treatment.    As a result, Plaintiff suffered severe pain and injury to his right hand, wrist, upper shoulder, and right side of his back. Plaintiff also complains of psychological injuries.

14.    At all relevant times, the *Q5000* was under ships navigation in navigable waters in the Gulf of Mexico. Plaintiff was seriously injured while contributing to and aiding the Vessel to accomplish its mission. At the time of the incident, Plaintiff had been offshore as a Jones Act Seaman and was working on vessels under common ownership and control of Helix Defendants. At the time of this incident, Plaintiff had been working on vessels under common ownership and control of Helix more than thirty percent of his time as a Jones Act Seaman.

## VI.

### CAUSES OF ACTION

**A.**    **Negligence (*Against all Defendants*)**

Certified Document Number: 116638945 - Page 4 of 11

15. Plaintiff incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

16. Defendants are negligent and grossly negligent for the following reasons:

   a. failing to provide adequate training to the Plaintiff on the safe and proper use of a sledgehammer, despite Plaintiff informing his supervisor the sledgehammer was too heavy and that he lacked experience;

   b. failing to assess the physical capacity of the Plaintiff to safely handle the heavy sledgehammer, given his smaller physical stature;

   c. failing to provide a lighter sledgehammer, safer tools or methods to close valves, which resulted in Plaintiff using a heavy sledgehammer unsuitable for his size and experience;

   d. failing to provide proper supervision and assistance while Plaintiff, inexperienced with the tool, attempted to complete the task alone;

   e. failing to stop work or reassign Plaintiff after he notified the supervisor that he had never used a sledgehammer before, instead coercing him to figure it out or risk job loss;

   f. failing to enforce safety policies regarding assigning tasks based on experience and training, creating a hazardous work environment;

   g. failing to provide adequate medical care on the rig after Plaintiff was injured, only giving an ice compress without further evaluation or treatment;

   h. failing to mitigate risks associated with repetitive strain and misuse of heavy tools, especially in the physically demanding environment of an offshore rig;

   i. failing to inspect the tools provided to ensure they were appropriate and safe for use by employees with varying levels of experience and physical capabilities;

   j. failing to inspect, maintain, and repair equipment;

   k. failing to properly supervise their crews;

5

l.   failing to train their crew;

m.   failing to mitigate a known hazardous condition;

n.   failing to maintain a safe work environment;

o.   failing to properly train employees;

p.   failing to provide an adequate crew trained and physically capable of completing work;

q.   failing to maintain the Vessel;

r.   vicariously liable for their employees' negligence and gross negligence;

s.   violating applicable Coast Guard, OSHA, and/or MMS rules;

t.   violating their own safety rules and regulations;

u.   failing to maintain safe mechanisms for work and life on the Vessel; and

v.   other acts deemed negligent and grossly negligent.

**B.   Unseaworthiness (*Against Helix*)**

17.   Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

18.   At all relevant times, the *Q5000* was unseaworthy.

19.   At all relevant times Helix owned and/or operated the *Q5000*.

20.   At all relevant times, the *Q5000* was unseaworthy. Specifically, without limiting the reasons that the *Q5000* was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

21.   The unseaworthiness of the *Q5000* was a direct cause of Plaintiff's injuries.

Certified Document Number: 116638945 - Page 6 of 11

**C.      Failure to Pay Maintenance and Cure (*Staffing the Universe*).**

22.      Plaintiff hereby incorporates by reference all preceding facts and allegations as if fully set forth herein.

23.      As a Jones Act seaman, Plaintiff is entitled to maintenance and cure due to the injuries sustained in the underlying incident. These injuries were incurred while Plaintiff was serving the Vessel in his capacity as a Jones Act seaman assigned to the *Q5000*.

24.      Upon information and belief, Plaintiff's Jones Act employer is Staffing the Universe.

25.      Defendants have a legal obligation to provide Plaintiff with maintenance and cure. However, Defendants have either failed to pay the maintenance and cure owed or have unreasonably and arbitrarily withheld these payments. Despite being fully aware of Plaintiff's injuries, Defendants have neglected their duty to provide him with maintenance and cure. The decision to withhold these benefits has been unreasonable, arbitrary, and willful, entitling Plaintiff to punitive damages for Defendant's failure to meet their maintenance and cure obligations.

26.      As a result of this incident, Plaintiff sustained severe injuries, including a torn wrist, physical injuries to his back, mental anguish, and other medical complications. Plaintiff has endured significant discomfort, mental anguish, and emotional distress. It is likely that Plaintiff's injuries will persist indefinitely. He has suffered a substantial loss of earnings in the past and faces a significant reduction in his future earning capacity. In fact, due to the severity of his injuries, Plaintiff's ability to earn a living may be entirely eliminated, preventing him from ever returning to sea. Additionally, Plaintiff has incurred, and will continue to incur,

7

medical and pharmaceutical expenses related to his injuries. Plaintiff seeks punitive damages against Defendant for its arbitrary and improper denial of maintenance and cure.

## VII.

### JURY TRIAL

27.    Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

28.    Plaintiff respectfully requests a preferential trial setting under Texas Government Code, Section 23.101(a)(5) because Plaintiff is a Jones Act seaman and is entitled to a preferential trial setting under Texas law.

## VIII.

### PRAYER

Plaintiff prays that this citation issue and be served on Defendants in a form and manner prescribed by law, requiring that each Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest, all costs of Court, and all such other and further relief, to which Plaintiff may show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks monetary relief more than $1,000,000.00 including but not limited to:

- Compensatory damages including past and future medical expenses;

- Actual damages;

- Consequential damages;

- Economic damages for future loss of earnings;

8

Certified Document Number: 116638945 - Page 8 of 11

- Past and future pain and suffering;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Maintenance;

- Cure;

- Punitive damages for the failure to honor maintenance and cure obligations;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Plaintiff's reasonable attorneys' fees;

- Costs of Court;

- All damages mentioned and/or referred to elsewhere in the petition;

- All damages allowed under law; and

- Any other relief to which Plaintiff is entitled under law or equity.

**Date: September 24, 2024**

Certified Document Number: 116638945 - Page 9 of 11

9

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Roland Christensen*
Kurt Arnold
karnold@arnolditkin.com
SBN: 24036150
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Samuel Q. Long
SBN: 24123912
slong@arnolditkin.com
Alec Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
James Long
SBN: 24106218
jlong@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
rolandteam@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

10

Certified Document Number: 116638945 - Page 10 of 11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Macarena Palma on behalf of Samuel Long
Bar No. 24123912
mpalma@arnolditkin.com
Envelope ID: 92402963
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 9/25/2024 8:11 AM CST

Associated Case Party: John Tauriac

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samuel Long | | slong@arnolditkin.com | 9/24/2024 4:47:51 PM | SENT |
| Shanelle Stevenson | | sstevenson@arnolditkin.com | 9/24/2024 4:47:51 PM | SENT |
| Macarena Palma | | mpalma@arnolditkin.com | 9/24/2024 4:47:51 PM | SENT |
| Kurt Arnold | | e-service@arnolditkin.com | 9/24/2024 4:47:51 PM | SENT |

Certified Document Number: 116638945 - Page 11 of 11



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 4, 2024

Certified Document Number:        116638945 Total Pages:  11

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**