IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN TAURIAC | § | |
| | § | |
| v. | § | |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION; TALOS ENERGY, LLC; | § | C.A. No. 4:24-cv-4290 |
| HELIX ENERGY SOLUTIONS GROUP; | § | |
| and STAFFING THE UNIVERSE, LLC | § | |

## ORIGINGAL ANSWER OF INDUSTRIAL STAFFING SERVICES, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant Industrial Staffing Services, LLC (incorrectly named "Staffing the Universe, LLC and hereinafter "ISS, LLC"), and file its Original Answer, respectfully showing unto the Court as follows:

## FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ISS, LLC asserts that Plaintiff has failed to state a claim against ISS, LLC upon which relief can be granted.

## SECOND DEFENSE

Without waiving the foregoing, its Special Appearance, or its Motion to Dismiss pursuant to Rule 12(b)(2), ISS, LLC responds to the separately enumerated paragraphs of Plaintiff's Original Petition, Defendant answer as follows:

1.      ISS, LLC denies that Plaintiff is a Jones Act seaman as alleged in Paragraph 1 of Plaintiff's Original Petition. ISS, LLC denies the Texas state court has exclusive jurisdiction.

2.      ISS, LLC denies Plaintiff was recruited by Staffing the Universe, LLC or ISS, LLC as alleged in Paragraph 2. ISS, LLC is without information sufficient to form a belief as to the other allegations in Paragraph 2. To the extent additional response is required, those allegations are denied.

3.      ISS, LLC denies the allegations in Paragraph 3.

4.      ISS, LLC denies that this case is not removable as alleged in Paragraph 4. This

action has been removed and is properly removed under 28 U.S.C. § 1441 and based on the original jurisdiction afforded under 28 U.S.C. § 1331, 43 U.S.C. § 1349(b)(1), 28 U.S.C. § 1332, and 28 U.S.C. § 1333(1).

5. ISS, LLC denies that venue is proper in Harris County as alleged in Paragraph 5.

6. The allegations in Paragraph 6 do not require a response.

7. ISS, LLC denies the allegations in Paragraph 7.

8. ISS, LLC denies the allegations in Paragraph 8.

9. ISS, LLC denies the allegations in Paragraph 9.

10. ISS, LLC denies the allegations in Paragraph 10.

11. ISS, LLC denies the allegations in Paragraph 11.

12. ISS, LLC denies the allegations in Paragraph 12.

13. ISS, LLC denies the allegations in Paragraph 13.

14. ISS, LLC denies the allegations in Paragraph 14.

15. Paragraph 15 contains no allegations ISS, LLC is required to admit or deny. To the extent a response is required, those allegations are denied.

16. ISS, LLC denies the allegations in Paragraph 16 and its subsections.

17. Paragraph 17 contains no allegations ISS, LLC is required to admit or deny. To the extent a response is required, those allegations are denied.

18. ISS, LLC is without information sufficient to form a belief as to the allegations in Paragraph 18. ISS, LLC otherwise denies the allegations in Paragraph 18.

19. ISS, LLC is without information sufficient to form a belief as to the allegations in Paragraph 19. ISS, LLC otherwise denies the allegations in Paragraph 19.

20. ISS, LLC is without information sufficient to form a belief as to the allegations in Paragraph 20. ISS, LLC otherwise denies the allegations in Paragraph 20.

21. ISS, LLC denies the allegations in Paragraph 21.

22. Paragraph 17 contains no allegations ISS, LLC is required to admit or deny. To the extent a response is required, those allegations are denied.

23. ISS, LLC denies the allegations in Paragraph 23.

24. ISS, LLC denies that it is Plaintff's Jones Act employer as alleged in Paragraph 24.

25. ISS, LLC denies the allegations in Paragraph 25.

26. ISS, LLC denies the allegations in Paragraph 26.

27. Paragraph 27 contains no allegations ISS, LLC is required to admit or deny. To the extent a response is required, those allegations are denied.

28. Paragraph 28 contains no allegations ISS, LLC is required to admit or deny. To the extent a response is required, those allegations are denied.

## THIRD DEFENSE

29. Subject to and without waiving any other defenses, the cause of the occurrence made the basis of this lawsuit was Plaintiff's failure to exercise ordinary care under the circumstances, and ISS, LLC asserts the affirmative defense of contributory negligence. Any recovery must be reduced in proportion to Plaintiff's fault.

## FOURTH DEFENSE

30. Subject to and without waiving any other defenses, ISS, LLC invokes all restrictions and limitations on punitive damages and prejudgment interest including those under the Texas Civil Practice and Remedies Code (§§ 41.007 and 41.008), the general maritime law, the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, the Texas Constitution, and extant case law. In addition, no plaintiff may recover punitive damages under the Jones Act, the general maritime doctrine of unseaworthiness, or for negligence as permitted by 33 U.S.C. § 905(b).

## FIFTH DEFENSE

31. Subject to and without waiving any other defenses, if it should be found that Plaintiff had an injury or has any resulting disability, it was caused by the acts or omissions of a person or entity not a party to this lawsuit that was the sole proximate cause of the occurrence made the basis of this lawsuit.

## SIXTH DEFENSE

32. Subject to and without waiving any other defenses, if it should be found that Plaintiff had an injury or has any resulting disability, any causal connection between ISS,

LLC's alleged acts or omissions and the occurrence made the basis of this lawsuit is broken by a separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

## SEVENTH DEFENSE

33. Subject to and without waiving any other defenses, Plaintiff's sole and exclusive remedy is workers' compensation pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA) or the applicable state law.

34. Defendant reserves its right to amend defenses as new information may arise.

WHEREFORE, PREMISES CONSIDERED, Defendant, Industrial Staffing Services, LLC pray that Plaintiff take nothing herein, that it be discharged with its costs and that Industrial Staffing Services, LLC be afforded such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**BROWN SIMS**

By: /s/ Collin Seipel
Collin D. Seipel
Attorney-in-Charge
Texas Bar No. 24052820
S.D. Bar No. 840979
1990 Post Oak Blvd., 1800
Houston, Texas 77056
Tel: (713) 629-1580
Fax: (713) 629-5027
cseipel@brownsims.com

**ATTORNEY FOR DEFENDANT**
**INDUSTRIAL STAFFING SERVICES,**
**LLC**

Of Counsel:

BROWN SIMS
Chinaza O. Okeke
Texas Bar No. 24131557
S.D. Bar No. 3803616
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Tel: (713) 629-1580

Fax: (713) 629-5027
cokeke@brownsims.com

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on the 12th day of November 2024, a true and correct copy of the foregoing document has been served on counsel of record for all parties in accordance with the Federal Rules of Civil Procedure.

/s/ Collin Seipel
Collin D. Seipel